IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JEREMY FANDRICH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-925-A |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the first amended notice of removal filed March 1, 2011, by defendants Chase Home Finance LLC ("Chase") and Federal National Mortgage Association ("FNMA") (incorrectly named in plaintiff's state court petition as "Fannie Mae"),[1] the pleading by which this action was initiated in state court, and applicable legal authorities, the court has concluded that the action should be remanded to the state court from which it was removed.

---

[1] Defendant IBM Lender Business Process Services, Inc., consented to the removal.

I.

Nature of the Action

A. Plaintiff's Pleading

This action was initiated on November 16, 2010, in the 415th Judicial District Court of Tarrant County, Texas, by the filing by plaintiff, Jeremy Fandrich, of his original petition.[2]

In the petition, plaintiff alleged that: on May 14, 2007, he executed a deed of trust to FNMA, and that Chase acted as servicer of the loan; plaintiff made several attempts to modify the loan in accordance with Chase's requirements; Chase arranged a payment plan and accepted monthly payments from plaintiff under the plan, but then told plaintiff the modification was not approved; on September 13, 2010, Chase informed plaintiff it was transferring his loan to defendant IBM Lender Business Process Services, Inc.; also on or around September 13, 2010, Chase notified plaintiff that a substitute trustee's sale was scheduled for October 5, 2010; plaintiff contacted Chase and was told the sale would not occur due to the pending loan modification; on

---

[2]The petition names "Jeremy Fandrich and All Others" as plaintiffs. The court does not recognize unnamed parties and considers Jeremy Fandrich as the sole plaintiff.

October 5, 2010, the property was sold at a public substitute trustee's sale; and on November 9, 2010, plaintiff was served with an eviction suit.

Plaintiff alleged that defendants misrepresented the character and extent of the debt, and negligently or intentionally misrepresented facts and terms regarding the proposed loan modification, transfer of servicing of the loan, and the status of the foreclosure sale. Plaintiff asserted causes of action against defendants for violations of the Texas Debt Collection Act, misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). By way of relief, plaintiff asked the court to set aside the foreclosure sale, cancel the trustee's deed, and quiet title for plaintiff. He also sought unspecified damages, injunctive relief to prevent defendants from attempting to evict him from the property, and attorneys' fees and costs.

B. <u>The Notice of Removal</u>

Chase and FNMA removed the action to this court on December 6, 2010. The notice of removal asserted that the court has

subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendants and an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). As to the amount in controversy, the notice alleged that:

> (ii) The real property at issue in this lawsuit has a current fair market value of $158,920.00 according to the Parker County Appraisal District. If Plaintiffs are successful in setting aside the foreclosure sale, title to the subject property we [sic] revert back to Plaintiffs. Thus, the value of this requested relief to Plaintiffs is $158,920.00--the current appraised fair market value of the subject property. In addition, Plaintiffs seek to have the foreclosure sale set aside, injunctive relief retraining [sic] Defendants from evicting Plaintiffs form [sic] the property, damages, and attorneys fees. Id. Accordingly, in light of the value of the subject property and the other relief sought by Plaintiffs, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

Notice of Removal at 3.

C.  Post-Removal Events

On February 18, 2011, the court entered an order stating that the allegations in the notice of removal were insufficient to establish the amount in controversy. The court concluded that

even if the above allegation in the notice of removal was "sufficient to establish the value of the property at issue in this action, it would not establish the amount in controversy, as the court has been provided with no information concerning the extent of plaintiff's interest in the property." Feb. 18, 2011, Order at 2. The order gave Chase and FNMA a deadline by which to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Chase and FNMA filed their amended notice of removal on March 1, 2011. The allegations in the amended notice of removal relative to the amount in controversy were more or less identical to those in the original notice of removal, with the addition of the following paragraph:

> (iii) Jeremy Fandrich and his wife Christy Fandrich executed a deed of trust ("Deed of Trust") covering the property located at 1225 Leech Road, Poolville, Texas 76487 on May 14, 2007. Exhibit "F," certified copy of the Deed of Trust, page 3. The Deed of Trust covers the property together with "all the improvements [then] or [thereafter] erected on the property, and all easements, appurtenances and fixtures [then] or [thereafter] a part of the property." Id. Plaintiffs represented, by executing the Deed of Trust that they are the sole owners of the property. See id.

5

Am. Notice of Removal at 3 (brackets and quotation marks in original).

II.

## General Principles Governing Removal and Jurisdiction Under § 1332

Title 28 of the United States Code, § 1441(a) provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must

therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

For diversity jurisdiction to exist, there must be complete diversity of citizenship between the parties, and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." Leininger v. Leininger, 705 F.2d 727, 729 (5th

Cir. 1983). It is also "the value of the right to be protected or the extent of the injury to be prevented." Id.

III.

Analysis

Plaintiff's state court petition did not make a demand for a specific amount of damages. The amount in controversy is not otherwise facially apparent from the petition. Therefore, Chase and FNMA bear the burden to present summary judgment-type evidence showing that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Chase and FNMA have not presented the court with any evidence as to the amount of damages plaintiff is seeking for defendants' alleged wrongful debt collection, misrepresentation, and DTPA violations. The only evidence Chase and FNMA have adduced relevant to the amount in controversy is (1) a copy of a document purportedly generated by the Parker County Appraisal District showing the fair market value of the property to be $158,920.00, and (2) a copy of the deed of trust executed by plaintiff and Christy Fandrich.

The court concludes that the amended notice of removal suffers from the same deficiencies as the original notice. All that Chase and FNMA have provided the court is documentation that plaintiff and his wife executed a deed of trust, and that the property the subject of the deed of trust appears to have an appraised value of $158,920.00. The difficulty for Chase and FNMA is that they have cited no authority to show that the value of the relief sought by plaintiff equates to the appraised value of the property.

Plaintiff seeks unspecified damages, and seeks to enjoin defendants from "directly or indirectly evicting Plaintiffs under the power of the foreclosure contained in the deed of trust so long as Plaintiffs comply with the reasonable obligations of Defendants or any conditions of the Court." Am. Notice of Removal, Ex. C-7 at 8. In other words, plaintiff seeks to delay eviction proceedings to give him an opportunity to comply with requirements imposed by defendants. The value of such a delay is not the value of the property, it is the value to plaintiff of postponing eviction until he can arrange to comply with whatever

payment obligations are imposed by defendants.  Again, defendants have not provided any evidence as to what the value to plaintiff of such a delay might be.

Chase and FNMA rely on purported representations by plaintiff and his wife in the deed of trust that they are the "sole owners" of the property, and if successful in setting aside the foreclosure, "title to the subject property will revert back" to plaintiff.  <u>Id.</u> at 3-4.  The court need not dwell long on this argument.  The deed of trust makes clear that plaintiff and his wife have borrowed money to purchase the property; obviously, if plaintiff owned the property outright, as Chase and FNMA appear to contend, no foreclosure would have occurred.  Nothing in the record before the court leads to the conclusion that setting aside of the foreclosure sale will result in outright ownership of the property being awarded to plaintiff.

To sum up, Chase and FNMA have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Therefore, the

court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.[3]

SIGNED March 24, 2011.

JOHN McBRYDE
United States District Judge

---

[3] The court recognizes that the parties have filed a joint motion for agreed entry of final judgment. As the court lacks jurisdiction over this action, no action can be taken on the parties' motion. The court sees no reason why the settlement and dismissal cannot be pursued by the parties in the state court following remand.

11